**MICHAEL N. FEUER, CITY ATTORNEY (SBN 111529x)**
**THOMAS H. PETERS, CHIEF ASSISTANT CITY ATTORNEY**
**CORY M. BRENTE, SUPERVISING ASSISTANT CITY ATTORNEY**
**CRAIG J. MILLER, DEPUTY CITY ATTORNEY (SBN 138302)**
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Email: Craig.miller@lacity.org
Tel: (213) 978-8722   Fax: (213) 978-8785

ATTORNEYS FOR DEFENDANTS CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIZITA BELAY and LENSA AHMED,<br><br>          Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity, LOS ANGELES POLICE DEPARTMENT, a public entity; and DOES 1-30, inclusive,<br><br>          Defendants | **CASE NO. CV16-01187 JAK(GJSx)**<br>[Assigned to Hon. John A. Kronstadt]<br>[Magistrate: Gail J. Standish]<br><br>**ANSWER OF DEFENDANTS CITY OF LOS ANGELES AND LOS ANGELES POLICE DEPARTMENT TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COME NOW DEFENDANTS CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT,** answering Plaintiffs' Complaint in the above-entitled action, for themselves and for no other party, hereby admit, deny, and allege as follows:

///

1

1. Answering paragraph 1 of the Complaint, defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

2. Answering paragraph 2 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

3. Answering paragraph 3 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

4. Answering paragraph 4 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

5. Answering paragraph 5 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

6. Answering paragraph 6 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

7. Answering paragraph 7 of the Complaint, defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

8. Answering paragraph 8 of the Complaint, which incorporate by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

9. Answering paragraph 9 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

10. Answering paragraph 10 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

11. Answering paragraph 11 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

12. Answering paragraph 12 of the Complaint, which incorporate by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

13. Answering paragraph 13 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

14. Answering paragraph 14 and subparts (a - c) of the Complaint, defendants deny each and every allegation contained in the unverified pleading.

15. Answering paragraph 15 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

16. Answering paragraph 16 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

17. Answering paragraph 17 of the Complaint, which incorporate by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

18. Answering paragraph 18 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

19. Answering paragraph 19 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

20. Answering paragraph 20 of the Complaint, which incorporate by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

21. Answering paragraph 21of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

22. Answering paragraph 22 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

23. Answering paragraph 23 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

24. Answering paragraph 24 of the Complaint, which incorporate by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

25. Answering paragraph 25 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

26. Answering paragraph 26 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

27. Answering paragraph 27 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

28. Answering paragraph 28 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

29. Answering paragraph 29 of the Complaint, which incorporate by reference the allegations of other paragraphs of the pleading, defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

30. Answering paragraph 30 of the Complaint, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

## **AFFIRMATIVE DEFENSES**

As a separate and distinct affirmative defenses, defendants allege each of the following:

### **1ST AFFIRMATIVE DEFENSE**

31. The damages alleged were directly and proximately caused and contributed to by the negligence of plaintiffs, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### **2ND AFFIRMATIVE DEFENSE**

32. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

## 3RD AFFIRMATIVE DEFENSE

33. The claims are barred by the statute of limitations set forth in California Code of Civil Procedure section 340(3).

## 4TH AFFIRMATIVE DEFENSE

34. As to the federal claims and theories of recovery, the answering defendants are protected from liability under the doctrine of qualified immunity, because defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## 5TH AFFIRMATIVE DEFENSE

35. Defendant City of Los Angeles and all defendants sued in their official capacities are immune from the imposition of punitive damages.

## 6TH AFFIRMATIVE DEFENSE

36. Defendants are immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense:

Government Code §§ 815.2, 815.6, 818, 820.8, 821.6,

Penal Code 834, 834(a), 835, 835(a) , 836 and 836.5.

///

///

///

## 7TH AFFIRMATIVE DEFENSE

37. The state claims are barred for plaintiff's failure to comply with the provisions of the California Tort Claims Act, Government Code § 910 <u>et</u> <u>seq</u>.

## 8TH AFFIRMATIVE DEFENSE

38. Plaintiffs failed to mitigate their damages.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by this action;

2. That the action be dismissed;

3. That Defendants be awarded costs of suit;

4. That Defendants be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. § 1988.

DATE: February 29, 2016

**MICHAEL N. FEUER, CITY ATTORNEY**
**THOMAS H. PETERS, CHIEF ASST. CITY ATTORNEY**
**CORY M. BRENTE, SUPER. ASSIST CITY ATTORNEY**

BY: /S/ - *Craig J. Miller*

**CRAIG J. MILLER, DEPUTY CITY ATTORNEY**
**ATTORNEYS FOR DEFENDANTS CITY OF LOS ANGELES AND LOS ANGELES POLICE DEPARTMENT**

## DEMAND FOR JURY TRIAL

Defendants hereby demand and request a trial by jury in this matter.

DATE: February 29, 2016

        **MICHAEL N. FEUER, CITY ATTORNEY**
        **THOMAS H. PETERS, CHIEF ASST. CITY ATTORNEY**
        **CORY M. BRENTE, SUPER. ASSIST CITY ATTORNEY**

        **BY:** __/S/ - *Craig J. Miller*
        **CRAIG J. MILLER, DEPUTY CITY ATTORNEY**
        **ATTORNEYS FOR DEFENDANTS CITY OF LOS ANGELES AND LOS ANGELES POLICE DEPARTMENT**